Judge McMahon

**Platzer, Swergold, Karlin, Levine,**
**Goldberg & Jaslow, LLP**
**1065 Avenue of the Americas**
**New York, New York 10018**
**Linda M. Gates (LMG/4953)**
**(212) 593-3000**
**(212)593-0353(fax)**

# 05 CV 2864

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CIT GROUP/EQUIPMENT FINANCING, INC., AS
ASSIGNEE OF CHANCE ENTERTAINMENT, INC.

            Plaintiff,

-against-

COUNTY OF WESTCHESTER, NEW YORK

            Defendant.

---

Dkt. No.

**COMPLAINT**

 

    CIT GROUP EQUIPMENT FINANCING, INC., AS ASSIGNEE OF CHANCE

ENTERTAINMENT, INC. (hereinafter referred to as the "Plaintiff"), by its attorneys Platzer,

Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, as and for its complaint herein

alleges as follows:

## PARTIES

    1.    Plaintiff is and at all times hereinafter mentioned was and still is a

corporation organized and existing under and by virtue of the laws of State of Delaware,

with its principal place of business located at 1540 W. Fountain Pkwy, Tempe, Arizona

85282.

    2.    Upon information and belief, defendant, County of Westchester

(hereinafter referred to as the "Defendant") is, and at all times hereinafter mentioned

G:\wpdocs\working\COMMERCI\CIT Communications\County of Westchester\S&C.wpd

USDC SDNY
DOCUMENT      1
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a), by virtue of the diversity of citizenship between Plaintiff and the Defendant.  Further, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.     The venue of the action is properly brought in this District, pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events giving rise to the claims herein occurred in this District, and the Defendant is subject to personal jurisdiction in this District.

## BACKGROUND INFORMATION

5.     On or about August 7, 2000, Defendant, through its Department of Parks Recreation & Conservation, entered into an Equipment Lease Agreement (the "Lease Agreement") with Chance Entertainment Inc. ("Chance") for one (1) new Chance Inverter Amusement Rider, serial number "414-03100", mounted on one (1) Trailer, VIN # 1C9FAWOTOYW275360, and all tires, wheels, additions, substitutions, attachments, replacements, and accessions (collectively the "Equipment").   A true copy of the Lease Agreement is annexed hereto and made a part hereof as Exhibit "A".

6.     A Return Provisions Rider (the"Rider"), dated and signed August 7, 2000, was included in the Lease Agreement and made a part thereof.   A true copy of the Rider is  annexed hereto and made a part hereof as Exhibit "B".

7.     On or about August 7, 2000, Chance, the manufacturer of the Equipment,

G:\wpdocs\working\COMMERCI\CIT Communications\County of Westchester\S&C.wpd                                    2

assigned the Lease Agreement to Plaintiff.  A true copy of the Assignment Agreement is

annexed hereto and made a part hereof as Exhibit "C".

9.      On or about August 9, 2000, the Equipment was delivered to Playland

Park, Rye, New York, which, upon information and belief, is a Westchester County

facility, operated by the County of Westchester Department of Parks, Recreation and

Conservation.

10.     Section "6" of the Lease Agreement provides in relevant part:

> Lessor shall not be obligated to ...service or make any repairs or replacements;
> ...Lessee shall inspect the Equipment within 48 hours after its receipt; unless
> within said time Lessee notifies Lessor, stating the details of any defects, Lessee
> shall be conclusively presumed to have accepted the Equipment in its then
> condition.  Thereafter, Lessee shall effect and bear the expense of all necessary
> repairs, maintenance, operation and replacements required to be made to
> maintain the Equipment in good condition, normal wear and tear excepted.
> Thereafter Lessee shall effect and bear the expense of all necessary repairs,
> maintenance, operation and replacements required to be made to maintain the
> Equipment in good condition, normal wear and tear expected.

11.     The Equipment was new when it was sold and delivered to the Defendant.

12.     Defendant did not notify Chance of any defect with respect to the

Equipment, as provided for in Section numbered "6".

13.     Section numbered "11" of the Lease Agreement provides in relevant part:

> ...Lessee ...shall do or permit no act or thing whereby Lessor's title or rights may
> be encumbered or impaired.  Upon expiration or termination hereof by other than
> default, the Equipment shall be returned...in the same condition as when
> received by Lessee, normal wear and tear resulting from proper use thereof
> alone excepted...

14.     The Rider provides that upon the Equipment's return, Defendant must

comply with certain requirements, including:

At 150 days and again at 30 days prior to the return of the equipment, Lessee shall at its own expense have a dealer Service Representative or other similarly qualified equipment maintenance representative acceptable to Lessor provide a written condition report on the results of a comprehensive physical inspection of the equipment.

15.   Sections numbered "6" and "11" of the Lease Agreement and the Rider enumerate the terms, conditions and maintenance necessary upon the return of the Equipment.

16.   On or about August 27, 2003, Defendant provided a letter to Chance advising them of their intent to return the Equipment at the end of the Lease, which expired on October 31, 2003.  Shortly thereafter, Chance informed Plaintiff of Defendant's notification to return the Equipment.

17.   Defendant returned the Equipment without providing the Plaintiff with a written condition report as required by the Rider.

18.   Defendant returned the Equipment in inoperable and unsaleable condition, in breach of its obligations under the Lease Agreement and Rider.

19.   On or about December 5, 2003 and May 24, 2004,  Plaintiff advised Defendant of their default with the Lease Agreement and Rider return provisions. By letter dated August 20, 2004 Defendant was again advised through Plaintiff's counsel that they were in default of, inter alia, Sections numbered "6" and "11" of the Lease Agreement and the Rider and demanded that the Defendant cure the defaults.    A final demand was made by letter dated February 11, 2005.  Copies of the August 20, 2004 and February 11, 2005 letters are annexed collectively hereto and made a part hereof as Exhibit "D".

20.     Section numbered "18 (2)(d)" of the Lease Agreement provides, in pertinent part:

> ... Should any proceedings be instituted by or against Lessor for monies due to Lessor hereunder and/or for possession of any or all of the Equipment or for any other relief, Lessee shall pay a reasonable sum as attorneys' fees...

21.     Plaintiff has had the Equipment delivered to Chance for testing and repair. Chance has now assessed the Equipment and estimates that the repair cost to restore the Equipment to "turn in conditions" quality and to install the mandatory safety kits and upgrades which the Defendant failed to do, is approximately $77, 561.52.  A copy of the Chance estimate is annexed hereto and made a part hereof as Exhibit "E".

22.     Plaintiff sent a final demand letter to the Defendant, dated February 11, 2005, but received no response. A copy of the letter is annexed hereto and made a part hereof as Exhibit "F".

## AS AND FOR A FIRST CAUSE OF ACTION  AGAINST DEFENDANT BREACH OF CONTRACT

23.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in Paragraphs numbered "1" through "22", inclusive, as if fully set forth herein.

24.     Defendant has breached the Lease Agreement and Rider by failing to perform its obligations owing to Plaintiff as set forth in the Lease Agreement and Rider.

25.     As a result of the foregoing, Plaintiff has been damaged in a sum to be determined at trial, but in no event less than $77,561.52.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT - CONTRACTUAL ATTORNEY'S FEES

26.     Plaintiff repeats, reiterates and re-alleges each and every allegation

contained in Paragraphs numbered "1" through "25", inclusive, as if fully set forth herein.

27.   The Lease Agreement contains an express provision entitling Plaintiff to reimbursement for the attorneys' fees and disbursements incurred by Plaintiff in enforcing any of its rights or remedies with respect to the Lease Agreement

28.   As a result of the foregoing, Plaintiff prays for an award of attorney's fees and costs, in an amount to be determined by the Court.

**WHEREFORE**, Plaintiff demands judgment:

1.   on its First Cause of Action in a sum to be determined at trial but in no event less than $77,561.12;

2.   On its Second Cause of Action, for Plaintiff's attorneys' fees and costs in this Action;

3.   And for such other and further relief as the Court deems proper.

Dated: New York, New York
       March 1, 2005

**PLATZER, SWERGOLD, KARLIN
LEVINE, GOLDBERG & JASLOW, LLP**
Attorneys for Plaintiff

By:_____
Linda Mandel Gates (lmg 4953)
1065 Avenue of the Americas
18th Floor
New York, New York 10018
Tel:  (212) 593-3000
Fax: (212) 593-0353